NOT DESIGNATED FOR PUBLICATION

No. 128,622

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUSTIN BORDREAUX YOUNG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Seward District Court; CLINT PETERSON, judge. Submitted without oral argument. Opinion filed April 10, 2026. Affirmed.

*Dylan J. Pryor*, of Kansas Appellate Defender Office, for appellant.

*Russell Hasenbank*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., BRUNS and HURST, JJ.

PER CURIAM: Dustin Bordreaux Young appeals the district court's revocation of his probation and imposition of his underlying sentence after he failed to attend required initial intake meetings with his intensive supervision officer (ISO) in Seward County on two separate occasions. On appeal, Young contends that the district court abused its discretion in revoking his probation as well as in ordering him to serve his underlying sentence. Based on our review of the record on appeal, we find that the district court acted within the parameters of its discretion in revoking Young's probation and requiring him to serve his underlying prison sentence. Thus, we affirm.

1

While on probation in Barton County on an unrelated case, Young entered into a plea agreement in Seward County in which he agreed to plead guilty to possession of methamphetamine in exchange for the dismissal of several other charges. Young's presentence investigation report showed his criminal history score was A and that Special Rule 10 applied because his crime in this case was committed while he was on felony bond in another criminal case. Still, the district court granted Young a dispositional departure to 12 months of supervised probation with an underlying sentence of 40 months in prison.

On the day of sentencing, Young met with his ISO in Seward County who directed him to appear for his initial intake appointment on March 18, 2024. Although Young requested a different date, the ISO indicated that he should have enough time to make arrangements to report on that date. But Young—who was living in Barton County—failed to report to his ISO for his initial intake on that date.

Nevertheless, the ISO gave Young another opportunity and rescheduled the initial intake meeting for April 2, 2024. Yet he once again failed to report. By the time that he did report—on July 5, 2024—Young's ISO informed him that it was too late. Subsequently, on July 18, 2024, the State moved to revoke Young's probation for "fail[ing] to report to his assigned [ISO] as directed."

On December 13, 2024, the district court held an evidentiary hearing on the probation revocation motion. At the hearing, Young's ISO in Seward County testified about the missed appointments as well as her recollection of informing him that he could pay $250 to have his intensive supervision transferred to Barton County. However, she indicated that he did not attempt to pay the $250 until he showed up in her office on July 5, 2024.

2

In addition, Young's ISO in Barton County testified that she had been supervising his probation there since August 2024. She indicated that Young had a job and was residing at Oxford House. She also explained that Young had been successfully completing the conditions of his probation in Barton County. Moreover, Young testified on his own behalf about his employment, transportation problems, and success in Barton County. Specifically, he testified that he was working 40 to 45 hours a week at Burger King and participating in Alcoholics Anonymous as well as meetings at the Oxford House to "stay sober and help other people stay sober."

After the presentation of evidence, the State asked the district court to revoke Young's probation and impose his original prison sentence. On the other hand, Young asked that he be given another chance because he was having success while on probation in Barton County. He also requested that his Seward County probation supervision be transferred to Barton County.

Ultimately, the district court revoked Young's probation and ordered him to serve his underlying prison sentence. In doing so, the district court explained that it found the fact that Young had never even started probation in Seward County by participating in the initial intake meeting to be significant. Accordingly, the district court determined that Young "did nothing towards his obligation to this jurisdiction."

ANALYSIS

On appeal, Young contends that the district court abused its discretion in revoking his probation and ordering him to serve his prison sentence. For the first time on appeal, Young argues that the district court should not have taken this action because he was indigent. Young also argues that the district court abused its discretion because no reasonable person would have revoked his probation and ordered him to serve his

3

underlying prison sentence because he was successfully performing the conditions of his probation in Barton County.

In response, the State claims that Young's arguments regarding indigency are not preserved because he did not raise them before the district court. In addition, the State asserts that the district court did not abuse its discretion. The State also points out that the district court had the authority to revoke Young's probation without any specific findings because he had received a dispositional departure from presumptive prison to probation. See K.S.A. 22-3716(c)(7)(B).

A review of the record reveals that Young admitted at the evidentiary hearing that he had failed to report for his initial intake meeting in Seward County on two occasions. As a result, it is undisputed that Young failed to comply with the conditions of his probation. Once a probation violation has been established, a district court has discretion to revoke probation unless it is required by statute to impose an intermediate sanction. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

A district court abuses its discretion only if its action is (1) arbitrary, fanciful, or unreasonable, i.e., no reasonable person would take the view adopted by the district court; (2) based on an error of law; or (3) based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). Young—as the party asserting the district court abused its discretion—has the burden of establishing an abuse of discretion. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Whether a district court followed the statutory framework set forth in K.S.A. 22-3716 is a question of law over which we exercise unlimited review. See *State v. Coleman*, 311 Kan. 332, 334-35, 460 P.3d 828 (2020). A district court may revoke probation without having previously imposed a sanction in four situations, including where the offender received probation as the result of a dispositional departure. K.S.A. 22-

4

3716(c)(7)(A)-(D). Because Young received a dispositional departure from a presumptive prison sentence, the district court had the discretion to bypass intermediate sanctions, and no particularized findings were required. See *Tafolla*, 315 Kan. at 331.

For the first time on appeal, Young suggests that his substantive due process rights were violated because he was indigent. In making this argument, Young cites us to *Bearden v. Georgia*, 461 U.S. 660, 672-74, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983), which provides that a district court is required to inquire into the reasons for an indigent probationer's failure to comply with the financial conditions of his probation and consider alternatives to satisfy the requirements of substantive due process. But Young's indigency argument is not properly before us for appellate review. *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022).

Young never raised indigency as the reason for his failure to report to his intake appointments or his failure to pay the $250 fee to transfer his intensive supervision from Seward County to Barton County. Instead, he testified at the evidentiary hearing that he was unable to report due to transportation issues. He also testified that he had a full-time job working 40 to 45 hours a week. Moreover, we find nothing in the record to establish that he could not find—or that he even looked for—another way to travel to Seward County to report to his ISO for his initial intake meeting as required. Because Young made no claim that he violated the terms of his probation in Seward County due to indigency, we decline to reach the newly asserted argument for the first time on appeal. See *State v. Gutierrez-Fuentes*, 315 Kan. 341, 347, 508 P.3d 378 (2022).

Finally, we turn to Young's argument that the district court abused its discretion. The record reflects that Young admitted he not only failed to show up for his first initial intake appointment, but he also failed to show up a second time after his Seward County ISO had given him another chance by rescheduling the meeting after his failure to appear on the date originally set. While we applaud the efforts made by Young to comply with

the conditions of his probation in Barton County, the district court did not err in finding that he had failed to even begin fulfilling the terms of his probation in Seward County. We also note that Young's criminal history was significant—a criminal history score of A and 28 previous convictions dating back to 1997—and it was an act of grace for the district court to have initially granted him a dispositional departure in this case.

Had Young only missed his first appointment, the district court's determination—as well as our decision—may have been different. But we cannot say it was outside the realm of reason for the district court to revoke Young's probation and require him to serve his underlying sentence under these circumstances. Rather, based on our review of the record on appeal, we find that the district court's decision to revoke Young's probation and order him to serve his underlying sentence was not arbitrary, fanciful, or unreasonable. Likewise, we find that it was not based on a mistake of fact or on an error of law.

Affirmed.